UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Tom Marlin, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.:1:13-cv-1563 |
| | ) |
| Portfolio Recovery Associates, LLC, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) _____ |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Hahn vs. Triumph Partnerships, LLC, 557 F.3d 755, 758 (7th Cir. 2009).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaundry, deLauneay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District

7. The acts and transactions alleged herein occurred in this Judicial District.

1

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, Tom Marlin, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, Portfolio Recovery Associates, LLC, is a debt collection agency and/or debt purchaser.

14. The Defendant, Portfolio Recovery Associates, LLC (hereinafter "Defendant"), is a debt collection agency and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Plaintiff requests that the Defendant cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through their employee(s) and/or representative(s).

25. The Plaintiff retained John Steinkamp & Associates for legal representation regarding the Plaintiff's debts.

26. On March 26, 2013, Plaintiff filed for bankruptcy protection under Title 11, Chapter 7, of the United States Code, bankruptcy case number 13-02876-JKC-7A.

27. The Plaintiff's petition contained a list of several schedules and debts.

28. A debt to HH Gregg was listed on the Plaintiff's Schedule F.

29. On August 23, 2013, the Defendant filed a Proof of Claim with the Bankruptcy Court stating that it owned the debt to HH Gregg. The Proof of Claim is the claim form completed by the Defendant, **under oath**, and filed by the Defendant in an attempt to recover payment from the assets the Plaintiff turns over to the Chapter 7 Trustee. *See Proof of Claim attached hereto as Exhibit "2"*.

30. The Proof of Claim, filed **under oath** by the Defendant, states that the "Amount of Claim as of Date Case Filed" (March 26, 2013), was $4,689.72. *See Exhibit "2" attached hereto*.

31. On March 8, 2013, the Plaintiff obtained and reviewed a copy of his TransUnion credit report, to which the Defendant was reporting the alleged debt to HH Gregg. *See Exhibit "3" attached hereto*.

32. The reporting of a debt to a credit reporting agency by a debt collector is a communication to which the FDCPA applies. *See* Daley vs. A & S Collection Assocs., Inc., 2010 WL 2326256 (D. Oreg. 2010); Akalwadi v. Risk Mgmt Alternatives, Inc., 336 F.Supp.2d 492, 503 (D. Md. 2004).

33. The tradeline entered by the Defendant shows that the "Balance" of the alleged debt is $5,361 as of January 18, 2013, the date the Defendant last reported to TransUnion credit reporting agency. *See Exhibit "3" attached hereto*.

34. Additionally, the Plaintiff also obtained and reviewed a copy of his Equifax credit report, to which the Defendant was also reporting the alleged debt to HH Gregg. *See Exhibit "4" attached hereto*.

35. The tradeline entered by the Defendant on the Plaintiff's Equifax credit report states that the amount owed is $5,390 as of February 15, 2013, the date the Defendant last reported to the Plaintiff's Equifax credit report. *See Exhibit "4" attached hereto*.

36. The Defendant was therefore misrepresenting the amount owed on the Plaintiff's TransUnion and Equifax credit reports.

37. Courts have found that when a debt collector demands varying amounts for the same debt that a violation of the 15 U.S.C. § 1692e occurs. *See* Hepsen v. Resurgent Capital Services, LP, 383 Fed.Appx. 877 (11th Cir. 2010)(holding that debt collector's letters that demanded a greater amount initially and then a lower amount later despite no payments being made on the account constituted a misrepresentation of the amount owed).

38. The Plaintiff has not made a payment on this debt in more than twelve (12) months.

39. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### First Claim for Relief:
### Violation of the FDCPA

1. The allegations of Paragraphs 1 through 39 of the complaint are realleged and incorporated herewith by references.

2. The Defendant violated 15 U.S.C. § 1692e when it placed false information regarding the amount of the debt on the Plaintiff's credit reports.

3. The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by Placing misleading information on the Plaintiff's credit report.

4. The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by falsely reporting the amount of the alleged debt on the Plaintiff's credit reports.

5. The Defendant misrepresented the status of this debt to a credit reporting agency which constitutes a violation of 15 U.S.C. § 1692e.

6. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692d.

7. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692e.

8. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692f.

9. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5218 S. East Street, Suite E1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: steinkamplaw@yahoo.com